1 So.2d 648

**PURE OIL CO. v. STATE.**

6 Div. 594.

Supreme Court of Alabama.

April 10, 1941.

London & Yancey and Frederick Koenig, Jr., all of Birmingham, for appellant.

J. H. Willis, of Birmingham, for appellee.

LIVINGSTON, Justice.

This is an appeal from an escape tax assessment made by the tax assessor of Jefferson County, Alabama, against certain boats and barges owned by the appellant taxpayer, and its predecessor in title. The assessment was for escape taxes for the years 1934 through 1938, both inclusive, and was made final by the judgment of the Circuit Court of Jefferson County upon appeal from the final assessment of the tax assessor.

The question before the Court is the power of the tax assessor for Jefferson County to make an escape assessment after the end of the tax year of 1934 through 1938, both inclusive, for the City of Birmingham on personal property returned and assessed for taxation, and upon which assessment the yearly taxes have been paid, and allocated by the tax assessor to School District 2–A, a district outside of the City of Birmingham.

The facts in the instant case, except in one particular, are identical with those in the case of Tennessee Coal, Iron & Railroad Company v. State, 239 Ala. 19, 193 So. 143, 151. The one difference being that in the Tennessee Coal, Iron & Railroad Company case, supra, the tax return of the boats and barges was made in the Bessemer Division of Jefferson County, while in the instant case the tax return of the boats and barges was made in the Birmingham Division of Jefferson County. In both cases the boats and barges operate out of the Birmingham port on navigable rivers of the State, and have been so engaged for a number of years. They are owned by corporations whose principal offices in this State are in the City of Birmingham; and in neither case have the boats and barges ever entered or operated within the physical limits of the City of Birmingham.

In the case of Tennessee Coal, Iron & Railroad Company v. State, supra, this Court said: "Having in view the several Constitutions hereinabove indicated, the significant change in the Constitution of 1901 (Article XI, § 216) from that indicated in Article XI, § 7 of the Constitution of 1875; the several sections of the revenue acts touching the peculiar property here dealt with; adverting to the fact that the instant corporation had its head office located in the State of Tennessee, its principal business office located in the County of Jefferson and municipality of Birmingham, and its port, from which its watercrafts navigate in the Bessemer Division of the County of Jefferson wherein its principal business office is located, the assessments were duly declared. That is to say, a harmonious construction of these statutes, under the Constitution, requires that the assessment of appellants' watercrafts should be, and were, properly returned at Bessemer, the division of Jefferson County where its only and essential

navigating point, docks and wharves are located."

This is decisive of the appeal here under consideration. The fact that the watercrafts in the instant case were returned for assessment in the Birmingham Division of Jefferson County instead of the Bessemer Division, as they should have been, can give the City of Birmingham no rights that it would not have had, had the return been properly made. The situs of the property being outside of the City of Birmingham, the city had no taxing interest in it insofar as this record discloses.

It follows from the foregoing that the trial court erred in rendering a judgment against appellant; and that judgment is therefore reversed and one here rendered for the appellant, the Pure Oil Company.

Reversed and rendered.

GARDNER, C. J., and BOULDIN and FOSTER, JJ., concur.